THE MAYOR AND COMMON COUNCIL OF HOBOKEN v. AU-
GUSTUS O. EVANS ET AL.

1. An official bond stipulating "for the faithful performance" of the
   duties of an officer, does not, in legal effect, differ from one stipulating
   that the incumbent "shall well and truly, faithfully, firmly, and im-
   partially execute and perform the duties of his said office during his
   continuance therein." The words "well," "truly," "firmly," and
   "impartially," are simply redundant, and are comprised in their legal
   signification in the word "faithfully."
2. Pleas setting up certain matters, which in law constitute no answer to
   the breach to which they apply, are demurrable.
3. Facts which are essential to the legality of the assignment of a breach,
   are traversable.
4. The second, third, and fourth breaches, as assigned, allege that certain
   certificates constituting the over issue complained of, were delivered to
   McGuire; the eleventh plea denies this allegation, and as the deliv-
   ery of the certificates is an essential averment, the plea traversing it is
   a good plea.

Augustus O. Evans, one of the defendants, as clerk of the
city of Hoboken, entered into a bond to the plaintiffs with
the other defendants as sureties, with condition that he would
"well and truly, faithfully, firmly, and impartially execute
and perform the duties of his said office during his continuance
therein."

This suit is brought on the bond to recover damages for the
non-performance of duty on the part of said Evans.

The plaintiff assigned four several breaches in his declara-
tion, to which the defendants pleaded seventeen pleas. Upon
five of them the plaintiffs have taken issue, and have de-
murred generally to the remainder. The defendants joined
in the demurrer.

The pleadings and facts are so fully set out in the opinion
of the court that a special recital of them is deemed unneces-
sary.

The demurrer was argued by *S. B. Ransom*, for the plain-
tiffs, and *R. Gilchrist*, for the defendants.

Mayor and Council of Hoboken v. Evans et al.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This suit rests on a bond given by the defendants, conditioned for the faithful performance by one of them, Augustus O. Evans, of the duties of the clerk-ship of the city of Hoboken.   Four breaches of this obligation are set out in the declaration.   The defendants have inter-posed seventeen pleas, upon five of which issues have been joined, the remaining twelve being demurred to.   The ques-tions which are to be decided have arisen on this demurrer.

The second plea, which is the first of those demurred to, alleges that the clerk of the city of Hoboken was required, by law, before entering into office, to give a bond to the plaintiffs "for the faithful performance of his duties;" and it then alleges that the plaintiffs unlawfully exacted from the said clerk the bond sued on, containing "other conditions than for the faithful performance" of his office.   Without pausing to inquire whether this plea is good, either in sub-stance or in form, it will be disposed of upon the supposition, that if the facts stated in it are true, they would constitute available matter of defence.   The condition of the bond itself is a part of the record, and its stipulation is to the tenor, that the clerk "shall *well* and *truly, faithfully, firmly,* and *im-partially,* execute and perform the duties of his said office during his continuance therein."

I can perceive no substantial difference between this con-dition and that required by the statute.   A bond stipulating "for the faithful performance" of an officer, does not, in legal effect, however much it may in words, differ from one stipu-lating that the incumbent will "well and truly, faithfully, firmly, and impartially, execute and perform" such office. The words "well," "truly," "firmly," and "impartially," are simply redundant; they are comprised in their legal signi-fication in the word "faithfully."   It is an error to suppose that the agreement to perform the duties of the office faith-fully, means merely that the incumbent will not wilfully do any wrong act.   It has a stretch beyond this, and is broken

by a neglect or by carelessness in discharge of the official duty, as well as by an intentional misfeasance.

In legal effect, therefore, I do not consider the condition of the bond sued on as variant from that which the statute requires from the officer. This plea is, on this account, bad —and as to it, the demurrer is well taken.

The next pleas demurred to are the fifth, sixth, seventh, eighth, and ninth, and they each undertake to answer the second breach assigned in the declaration.

This breach, in brief, sets forth these facts, *viz.*, that the city made a contract with one Edward McGuire for the doing of certain work, and in consideration thereof promised him, upon the production by him of the certificate of the city surveyor, that so much work had been done according to the said contract, to deliver to him certificates of improvement under the corporate seal; that McGuire did work under this contract to the amount of $8909.94; that it was the duty of the clerk to keep a just and true account of all moneys paid to said McGuire and others; and to keep an account of the number and amounts of all the improvement certificates which might, from time to time, be ordered by the common council to be issued to said McGuire and other persons; that whenever such certificates should be or were so ordered to be issued by the said council, it became the further duty of the clerk to fill up, prepare, and attest every such improvement certificate, and to affix thereto the corporate seal of the said city, he, the said clerk, being the custodian of the said seal; and to take due care that no certificate of indebtedness should be issued or delivered for any greater sum than might be due from the city to the persons to whom the same were to be issued. The plaintiffs then further allege, that the clerk, " contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said " city, and to " cause them to pay to the said Edward McGuire a large sum of money, to wit, the sum of $5390, which by law they would not otherwise be bound to pay," drew up and attested with his name as clerk and the seal of the city, a large

number of certificates beyond the amount really due to said McGuire, and delivered the same to him.

The point of this breach is, that the clerk paid out an over-plus of these certificates, with an intention to overpay the person to whom a debt was due from the city. Without this essential averment of a wrongful intent, it does not appear that there has been any official misconduct. Carelessness is not charged. The mere allegation that the clerk issued certificates to an amount beyond what was due does not show, with sufficient legal certainty, any breach of duty. He may have done so from the operation of causes, which would have led the most skillful and careful man into error, and in such event he was not derelict in duty. Neither he nor his sureties stipulate for his infallibility. They agree that he will be careful and honest. The breach above assigned, therefore, rests wholly in the charge, that the certificates were issued with the criminal purpose before specified.

Regarding this breach in this light, it at once becomes obvious, that none of the five pleas demurred to constitute a reply to it in law. They each take issue upon entirely immaterial matters. Thus: the fifth plea alleges that McGuire did not do the work while the defendant, Evans, was clerk; the sixth, that it was not the duty of the clerk to keep the accounts of McGuire; the seventh, that it was not the duty of the clerk to keep an account of the certificates issued by the city; the eighth, that it was not the duty of the clerk to fill, prepare and attest the corporate certificates and affix the corporate seal; the ninth, that the clerk was not the custodian of the corporate seal. It seems to me, that nothing can be clearer than that it matters not at all, whether these duties thus traversed, appertained to the office of clerk, so far as regards an alleged violation of his official duty, in paying to a creditor of the city more money than was due to him, with the design of defrauding the corporation. If he did that act, it obviously is of no consequence whether it was his duty to keep the accounts of the party thus overpaid, or whether or not he was the custodian

of the corporate seal. I am not able to see that any of these five pleas contain matter which, in law, constitutes any answer to the breach to which they apply; and on this account, in my opinion, the demurrer, as to them, is also well taken. I may also remark, that if I regarded this breach as proceeding on the ground of alleged carelessness in the clerk, I still think these pleas are radically defective. They each deny mere unessential matter of inducement. But it is not necesary to dilate on this point, as the pleas are disposed of on the ground above indicated.

Plea tenth is the next in order of those which are embraced in the demurrer. This also applies to the second breach, and it traverses the allegation of an illegal and criminal intent in the clerk in issuing the certificates in question.

I have already stated that it is this fraudulent intent which, in my view, forms the ground work of the breach to which this plea relates. Without this allegation the breach is not well assigned, and the consequence must be that a fact which is essential to the legality of the assignment is traversable. The breach itself shows that the certificates were to be delivered to McGuire to the amount certified to by the city surveyor; and it further appears that it was the duty of the clerk, to issue certificates whenever directed so to do by the common council; and if, therefore, such certificate of the city surveyor or such order of the common council had been presented to the clerk to issue the certificates which form the ground of complaint, he certainly would not have been chargeable with default in office, if he had complied with either of such directions. A mere charge, therefore, that the clerk has issued certificates to too great an amount, does not, *per se* and of necessity, import malfeasance on his part. I repeat, therefore, that the essential element in this assignment is the allegation of a bad intent; and the result is, that this plea denying such intent must be good.

The demurrer therefore fails, as I think, with regard to the tenth plea.

The eleventh plea purports to answer the second, third, and fourth breaches.

Each of these assignments alleges that the certificates constituting the over issue, were *delivered* to McGuire. This eleventh plea denies this allegation of delivery to McGuire.

The delivery of the certificates is a fundamental averment. In its absence no breach is shown. The plaintiff could only recover on these breaches by showing a delivery of the certificates, in accordance with the form of the averment. Alleging a delivery to McGuire, and holding that, as the breach of duty charged, it could not be pretended that at the trial, they could prove a delivery of certificates to somebody else. It is not the signing or sealing of certificates which is the subject of complaint; that alone could work no injury; they must be issued to render the misconduct complete. But the defendant is not charged with issuing them to any person but McGuire, and consequently when he denies that he delivered them to him he exculpates himself. This plea should be sustained.

The twelfth plea, like the one just disposed of, applies to the second, third, and fourth breaches.

Its substantial averments are, that the clerk of the city had no knowledge that the said McGuire was not entitled to receive the amount for which the certificates were issued, and that he acted in good faith.

It is enough to say, with regard to this plea, that it certainly can be no answer to the fourth breach, which expressly alleges that the clerk of the city is not authorized to issue certificates without the order of the common council, and that Evans issued the certificates in question without such order, in violation of his duty. If this be so, the ignorance of Evans and his good faith cannot relieve him. This plea also seems bad in several other respects.

The thirteenth and fourteenth pleas were abandoned as untenable by the counsel of the defendants on the argument.

The sixteenth plea assumes to reply to the fourth breach.

This breach alleges that it was the duty of the clerk not to issue certificates without the order of common council, and that he issued them in contravention of such duty. It does not state that the money for which the certificates were issued was not due, but sets up the mere formal dereliction of duty. The plea denies that it was his duty not to issue them without the order of the common council first being obtained. This is a denial of the entire substance of the grounds alleged as a breach. I think the issue thus tendered regular.

This disposes of all the pleas to which the demurrer relates; and as some of them have been sustained, the demurrer being general, the defendants are entitled to judgment upon it.

At the time of the argument of the foregoing matters a motion was made by the counsel of the plaintiffs, to strike out the notice appended to the pleas, which contains a statement of facts which it is alleged constitute a defence to the action, and which the defendants intend to give in evidence on the trial.

This matter of defence is set out at much length, but the pith of it is, that McGuire presented his bill for work to the common council, and that they, by a resolution duly passed, directed the mayor of the city to ascertain the amount of certificates to be issued to him, and that they thereby discharged the clerk from such duty, and that he acted as the assistant of the mayor and in good faith.

I can see no legal objection to this notice. If the facts contained in it are true, it would seem to relieve the defendants from responsibility. In my opinion the motion to strike out should be denied with costs.

Judgment on demurrer for defendants.